IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                     Criminal No. 3:93cr63 (DJN)

JOHN L. BROOKS,
Petitioner.

**MEMORANDUM OPINION**

John L. Brooks, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 28).[1] Brooks contends that he is entitled to relief because:

> Claim One     He "received ineffective assistance of counsel in the filing of [his] § 3582(c)(1) Motion [in] the District Court." (ECF No. 28, at 5.)
>
> Claim Two     "District Court showed prejudice in 3582(c) Sentence Reduction Motion and sentenced [me] under the Guideline for brandishing. I was never indicted for brandishing." (*Id.* at 6.)

The § 2255 Motion (ECF No. 51) will be DENIED because Brooks fails to state a cognizable basis for relief under 28 U.S.C. § 2255.

**I. PROCEDURAL HISTORY**

The United States Court of Appeals for the Fourth Circuit, recently summarized the relevant procedural history as follows:

> John L. Brooks was convicted in 1994 on eleven counts related to armed robbery, including five counts under 18 U.S.C. § 924(c). He was sentenced to 1,090 months in prison, the mandatory minimum at the time. The majority of Brooks's sentence — 1,020 months — was due to his § 924(c) convictions.
>
> In 2018, Congress passed the First Step Act, eliminating the "stacking" scheme used for 18 U.S.C. § 924(c) convictions. If sentenced today, Brooks's statutory

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from the parties' submissions.

sentencing minimum for those convictions would be 300 months, not 1,020. Brooks filed for compassionate release based on this disparity.

The district court granted a partial sentence reduction and lowered Brooks's sentence to 466 months. The court didn't reduce the sentence to reflect Brooks's recalculated minimum of 370 months — 300 for the § 924(c) convictions and 70 for the others — because Brooks's conduct during the robberies was "consistent with brandishing," and thus warranted a sentence in line with that enhancement. Brooks appealed, claiming that his presentence report contained factual errors and that the district court improperly found he brandished a firearm.

Finding no error, we affirm.

*United States v. Brooks*, No. 22-7107, 2023 WL 5224649, at *1 (4th Cir. Aug. 15, 2023).

## II. PARAMETERS FOR RELIEF UNDER 28 U.S.C. § 2255

In order to obtain relief under 28 U.S.C. § 2255, a defendant must show:

[(1)] the sentence was *imposed* in violation of the Constitution or laws of the United States, or [(2)] that the court was without jurisdiction to *impose* such sentence, or [(3)] that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a) (emphasis added). Therefore, the Court's first task is to "determine whether the prisoner has met his burden of showing that his sentence is unlawful on one of the specified grounds." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (citing *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007)). Because Brooks does not challenge the sentence imposed by the Court, but merely the sentence modified by the Court, he cannot meet this threshold inquiry.

Here, 18 U.S.C. § 3582 states in relevant part:

**(a) Factors to be considered in imposing a term of imprisonment.**—The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. In determining whether to make a recommendation concerning the type of prison facility appropriate for the defendant, the court shall consider any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2).

**(b) Effect of finality of judgment.**—Notwithstanding the fact that a sentence to imprisonment can subsequently be—
    (1) *modified* pursuant to the provisions of subsection (c);
    (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
    (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

**(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
    **(1)** in any case—
        **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
            **(i)** extraordinary and compelling reasons warrant such a reduction; or
            **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
        and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

        **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . .

18 U.S.C. § 3582.

The plain text of 28 U.S.C. § 2255(a) reflects that it is only available to challenge the sentence imposed. The courts have recognized there is a distinction between when a sentence is "imposed" pursuant to 18 U.S.C. § 3582(a) and when it is "modified" under the provision of 18 U.S.C. § 3582(c). *See Murphy v. United States*, 634 F.3d 1303, 1314 (11th Cir. 2011)

3

(concluding that "a Rule 35(b) reduction of a sentence does not affect the finality of a judgment of conviction, and because a Rule 35(b) reduction does not constitute a resentencing where an old sentence is invalidated and replaced with a new one" it has no impact on the statute of limitation under 28 U.S.C. § 2255(f)); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" (quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999))). "A motion for sentence reduction . . . 'allows defendants to seek *modifications* even if their sentences were not *imposed* in violation of the Constitution or federal law.'" *United States v. Roper*, 72 F.4th 1097, 1102 (9th Cir. 2023) (emphasis added) (quoting *United States v. Chen*, 48 F.4th 1092, 1101 (9th Cir. 2022)). Because Brooks fails to demonstrate that the sentence imposed was in violation of the Constitution or laws of the United States or otherwise subject to collateral attack, his claims are not cognizable pursuant to 28 U.S.C. § 2255.

Further, in Claim One, Brooks contends that he was denied the effective assistance of counsel during his Motion for Compassionate Release. The Sixth Amendment "right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, "every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 & n. 2 (6th Cir. 2021) (citing *United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020); *United States v. Webb*, 565 F.3d 789, 795–96 (11th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 463–64 (2d Cir. 1995). "Consequently, a petitioner cannot claim

constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citation omitted), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012).

For the foregoing reasons, the § 2255 Motion (ECF No. 28) will be DENIED. Brooks's claims and the action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Brooks.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Date: October 16, 2024